Citation Nr: 21049980
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 19-32 432A
DATE: August 13, 2021

ORDER

1. Entitlement to an initial disability rating greater than 70 percent for post-traumatic stress disorder (PTSD) with unspecified depressive disorder is denied.

2. Entitlement to a total disability rating based on individual unemployability (TDIU) is granted, effective May 4, 2015.

FINDINGS OF FACT

1. Throughout the appeal period, the Veteran's PTSD with unspecified depressive disorder manifested in occupational and social impairment with deficiencies in most areas such as school, thinking, or mood; but not to a level of total occupational and social impairment due to symptoms such as gross impairment in thought processes or communication, persistent delusions or hallucinations, grossly inappropriate behavior, being a persistent danger of hurting self or others, intermittent inability to perform activities of daily living, including maintenance of minimal personal hygiene, being disorientation to time or place, or exhibiting memory loss for names of close relatives or his own name. 

2. Though not formally pled, the issue of entitlement to individual unemployability was affirmatively raised, and reasonably identifiable from specific statements submitted by the Veteran and within his medical treatment records, and the evidence supports an award of TDIU effective May 4, 2015.

3. The evidence is sufficient to show that the Veteran is unable to secure and follow a substantially gainful occupation due to his service-connected disabilities.

CONCLUSIONS OF LAW

1. The criteria for an initial disability rating greater than 70 percent for PTSD with unspecified depressive disorder have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.2, 4.3, 4.7, 4.126, 4.130, Diagnostic Code (DC) 9400.

2. The criteria for entitlement to TDIU have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 3.314, 3.321, 3.340, 4.16.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served in the United States Army from September 1999 to March 2005 and is a veteran of the Gulf War Era. 

This matter comes to the Board of Veterans' Appeals (Board) on the Veteran's appeal of an October 2017 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) which is the agency of original jurisdiction (AOJ). 

The Veteran and his representative appeared for a videoconference Board hearing with the undersigned Veteran's Law Judge (VLJ) in April 2021 and a copy of the transcript for that hearing has been associated with the Veteran's claims file.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c); 38 U.S.C. § 7107(a)(2).

1. Entitlement to an initial disability rating greater than 70 percent for PTSD with unspecified depressive disorder

The Veteran asserts that his mental health disability symptoms are more severe than what is compensated for in his current disability rating and requests a 100 percent disabled rating as his mental health conditions have rendered him unemployed and unemployable.

The Veteran was awarded an initial 70 percent disabling rating for his PTSD with unspecified depressive disorder effective May 4, 2015.

Increased Ratings.

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities, found in 38 C.F.R., Part 4. 38 U.S.C. § 1155. The rating schedule is primarily a guide in the evaluation of disability resulting from all types of diseases and injuries encountered as a result of or incident to military service. The ratings are intended to compensate, as far as can practicably be determined, the average impairment of earning capacity resulting from such diseases and injuries and their residual conditions in civilian occupations. 38 U.S.C. § 1155; 38 C.F.R. § 4.1.

Each service-connected disability is rated on the basis of specific criteria identified by Diagnostic Codes (DCs). 38 U.S.C. § 1155, 38 C.F.R. § 4.27. Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise the lower rating will be assigned. 38 C.F.R. § 4.7. 

In order to evaluate the level of disability and any changes in the condition, it is necessary to consider the complete medical history of the Veteran's condition. Schafrath v. Derwinski, 1 Vet. App. 589, 594 (1991). Where the appeal arises from the original assignment of a disability evaluation following an award of service connection, the severity of the disability at issue is to be considered during the entire period from the initial assignment of the disability rating to the present time. See Fenderson v. West, 12 Vet. App. 119 (1999). Staged ratings are appropriate for an increased rating claim whenever the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. See Hart v. Mansfield, 21 Vet. App. 505 (2007).

The Veteran's adjustment disorder with anxiety disability is evaluated under 38 C.F.R. § 4.130, Diagnostic Code (DC) 9440, which provides that such disability is evaluated pursuant to the General Rating Formula for Mental Disorders. See 38 C.F.R. § 4.130. 

Under the General Rating Formula For Mental Disorders a 70 percent evaluation is warranted where there is occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as suicidal ideation; obsessional rituals which interfere with routine activities; intermittently illogical, obscure, or irrelevant speech; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); and inability to establish and maintain effective relationships. Id.

A 100 percent evaluation is assignable where there is total occupational and social impairment, due to such symptoms as gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (ADLs) (including maintenance of minimal personal hygiene); and disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. Id.

The Evidence of Record.

The Veteran's Social Security Administration (SSA) records, received by VA in April 2019 include a September 24, 2014 Mental Health Examination performed by A.H., Ph.D. who diagnosed the Veteran with PTSD with panic attacks, and MDD. The Veteran's chief complaint was PTSD. The Veterans stated that he is not currently working, has considerable debt, and is living with his parents and two children. He did sate that he worked for one-month in2013. He stated that he stopped working due to a "situation" with his kids where child protective services placed his children in his custody. But he also stated that he was fired from each of his past employers due to missing work and not being able to perform his duties. Mental status examination recorded the Veteran as cooperative, with appropriate hygiene and grooming, with linear and logical thought process, no indications of current delusions or hallucinations, those previous auditory hallucinations were admitted to. He denied homicidal ideation and suicidal intent but indicated vague suicidal ideation. The Veteran reported feeling depressed and anxious, and oriented on all bases. No gross impairment of thought processes or commination or inappropriate behaviors were noted. A.H.'s functional capacity opinion was that the Veteran was not able to maintain employment due to frequent days of missed work and not being able to perform his duties.

Also included was an additional March 2015 Mental Status Examination by Dr. D.C., Ph.D., who diagnosed the Veteran with PTSD, unspecified major depressive disorder, and panic attacks. The Veteran complained of constant anxiety, lack of concentration, and horrible memory. He stated that he lived with his parents and two children. The Veteran stated that he lost his employment due to difficulty passing and remembering job details, and he last worked in November 2012. The Veteran denied suicidal and homicidal ideation but had suicidal thoughts at times. Mental status examination revealed limited difficulties with thought and speech. There were no inabilities to perform ADL's, though he stated he experienced pain while doing chores or other activities. D.C. opined that the Veteran has deficits in recent memory and difficulty recalling 2-3 step directions. He was noted to be capable of understanding the concept of filing for disability and handling his finances.

In August 2015 the Veteran was provided a VA psychological evaluation during which he stated that he lives with his parents and his two teenage children and that he has a "great" relationship with them. However, he states that he was divorced in 2011 and has not been in a relationship since and that he avoids contact with other people. He also stated that he does chores and plays and interacts with his children. Occupationally, he indicated many issues while employed including not being able to establish good working relationships with co-workers and being fired because he missed too many days due to anxiety. He also claimed that he traveled a lot with work and that he was unable to get adequate sleep which hurt his work performance. He claims to have a hard time leaving his house to go to work and stopped going to work. He states he has not worked since 2012. Mental status evaluation of the Veteran showed that he presented well and was cooperative during his evaluation with fluent speech, coherent and logical thoughts, and his mood was euthymic to nervous with a congruent affect. He reported daily thoughts of self-harm without intent as he needs to care for his children, and he denied homicidal ideation and hallucinations. The VA examiner noted that the Veteran feels down daily and feels worthless. He stated he no longer likes himself and "feels broken" since his deployment. The examiner opined that the Veteran did not appear to pose any threat of danger or injury to self or others. His diagnoses were PTSD with unspecified depressive disorder.

Based primarily on this VA psychological evaluation the Veteran was granted entitlement to service connection for his PTSD with unspecified depressive disorder with an initial 70 percent disability rating. 

The Veteran was provided another VA psychological evaluation in September 2017. The VA examiner noted receipt and review of a September 16, 2017 letter from his private mental health provider, S.B., who opined that the Veteran "struggles with chronic pain, depressive episodes, PTSD." The Veteran indicated he still lives with his parents and children, but he isolates himself in his room every day for a significant amount of time and does not communicate with friends from the past. He stated that he has not worked since 2011 as he was terminated because he missed too many workdays and he could not perform as expected due to PTSD. He was concerned about financial problems because he did not receive Veteran's Compensation until 2015. He also reported problems with chronic pain in his left leg which increases with stress. He was actively participating in several mental health related programs, including a two-week K9 For Warriors program. Mental status evaluation of the Veteran showed him to be polite, cooperative, oriented to person, place, and time, with flat affect and congruent mood. Symptoms noted included depressed mood, anxiety, suspiciousness, chronic sleep impairment, flattened affect, disturbances of motivation and mood, difficulty in establishing and maintaining effective work and social relationships, difficulty in adapting to stressful circumstances including work or a work-like setting, and an inability to establish and maintain effective relationships. The examiner opined that the Veteran did not appear to pose any threat of danger or injury to self or others. His diagnosis remained the same.

VA received medical records from the Veteran's private mental health provider, S.B., for the period beginning January 2018 to July 2020, with only records of missed scheduled appointment thereafter until June 2021. These records reflect the Veteran participating in both individual and group therapy programs. There were also numerous notes of the Veteran missing scheduled appointments. During these sessions the Veteran was treated with various techniques to deal with his symptoms and emotions and there are numerous notes which indicate the Veteran made progress at various times. A January 19, 2020 encounter note was titled as "Psychotherapy Termination Note" with the reason for termination was that the Veteran had has completed treatment goals with im being stated to have become more functional in his day-to-day life and is better able to acknowledge distress and sources, as well as cope with symptoms. However, he did continue therapy through July 10, 2020 at which time he was assigned treatment goals to help him better manage PTSD-related symptoms and improve social and emotional functioning to help him obtain employment and secure additional personal relationships. He did not return for any further sessions.

The Veteran's private medical provider submitted a letter dated October 1, 2020 in which she indicated her diagnoses of PTSD and major depressive disorder and that he has participated in individual therapy with her since October 2016. She stated that his primary PTSD symptoms include regular hypervigilance, dissociation, irritability/anger outbursts, intrusive thoughts/memories, nightmares of trauma events, and a regular re-experiencing of these previous traumatic incidents. Despite his noted regular participation in mental health treatment, she stated he continues to struggle with chronic physical pain as well as somatic symptoms related to current psychiatric disorders; depressive episodes with anhedonia, isolating behaviors, passive suicidality, anger/rage outbursts, depressed mood; PTSD related hypervigilance that limits his ability to leave his home without dissociative episodes, and a hypersensitivity to his environment; difficulty functioning in interpersonal relationships; and being unable to engage in employment due to physical and emotional limitations at this time. S.B. concluded that the Veteran has made great strides toward physical and emotional rehabilitation over the past year.

The Veteran's VA treatment records do not contain any references to him exhibiting symptoms which equate to total occupational and social impairment such as gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform ADLs, or disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. 

During his April 2021 Board Hearing the Veteran stated that he was able to hold a job for 5 years after he separated from service and complete his bachelor's degree during that time. He quit what he called his long-term job in 2011 because of his anxiety and anger outbursts directed at his boss. He then had 2 or three short termed jobs and has not held a job since. His father passed and his mother could not afford to keep their house, so the Veteran purchased his own home and he lives with his mother and son. Though he is concerned about how his PTSD impacts his family, he has a supportive long-term relationship with them. He claims he has no other friends. 

Analysis.

The Board finds that evidence does not support a rating greater than 70 percent disabling for any part of the appeal period. The evidence shows that the severity, frequency, and duration of the Veteran's symptoms do most closely approximate occupational and social impairment with deficiencies in most areas, such as work, family relations, judgment, thinking, and mood. The Veteran has consistently demonstrated PTSD reported anxiety, angry outbursts, difficulty in maintaining relationships, most notably without any supportive personal relationships outside of his family, and significant difficulties maintaining employment due to his PTSD and depressive symptoms. He has also consistently indicated suicidal ideation to various levels of admission, though he has not endorsed suicidal intent. See Bankhead v. Shulkin, 29 Vet. App. 10, 22 (2017).

The Board finds the Veteran is competent to describe the symptoms, effects, and impact of his PTSD and depressive disorder related symptoms. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); 38 C.F.R. § 3.159 (a); see contra Layno v. Brown, 6 Vet. App. 465, 470 (1994). 

The Board also finds to be highly probative the assessments of both VA examiners who provided occupational and social impairment assessments consistent with this level of severity. 

However, the Veteran is not entitled to a total 100 percent evaluation during this period as he did not exhibit symptoms which caused total occupational and social impairment. Socially, the Veteran was able to maintain a continued relationship with his parents and his children, though not without some conflicts and difficulties. The Board finds very significant the fact that he was given custody of his two children after his divorce and has maintained that custody and relationships with his two children until they have become adults. And while the Veteran has had difficulty maintaining employment, no medical provider has opined that he is totally incapable of occupational function. The evidence shows that at the least he is able to perform chores around his home. The March 2015 SSA mental health evaluator, Dr. D.C., opined that the was capable of function to manage his application for benefits and maintain his own finances. The Board does note that these capabilities do seem to apply when the Veteran is working alone and not in a work-like environment where he needs to interact with co-workers or supervisors.

Based on the above, the Board finds that the Veteran is not entitled to a disability rating for his PTSD and depressive disorder greater than 70 percent at any time during the appeal period. The claim is denied.

2. Entitlement to a total disability rating based on individual unemployability (TDIU)

As the criteria for entitlement to TDIU and the above request for an increased rating for PTSD are very similar, and derived from the Veteran's psychological disabilities, the Board incorporates by reference the evidence of record identified and described above.

A claim for an increased evaluation includes a claim for a finding of TDIU where there are allegations of worsening disability and unemployability. Rice v. Shinseki, 22 Vet. App. 447 (2009). Here, the Veteran consistently asserts that he is unemployable due to his service-connected mental health disorders. As such, the issue of entitlement to TDIU is before the Board.

Schedular TDIU may be assigned when the disabled person is determined to be unable to secure or follow a substantially gainful occupation as a result of service-connected disability or disabilities, provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more, and that, if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. See 38 C.F.R. § 4.16(a). Disabilities resulting from common etiology or a single accident are considered one disability for the purpose of meeting the percentage thresholds for TDIU. Id.

When determining whether the Veteran is unable to secure or follow a substantially gainful occupation due to his service-connected disability, consideration may be given to the Veteran's level of education, special training, and previous work experience, but it may not be given to his age or to any impairment caused by nonservice-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19.

Here, the Veteran is service connected for at a 70 percent disabling rate. Thus, the Veteran meets the schedular requirements for TDIU. The issue that remains whether he is unable to secure and follow a substantially gainful occupation due to his service-connected disabilities. To this end, the preponderance of the evidence is in favor of the claim.

The Veteran has consistently maintained that he is unable to maintain employment due to his PTSD and depressive symptoms including anxiety, angry outbursts, inability to maintain social relationships, loss of memory and concentration, among others. See e.g., Hearing Transcript, pages 3 and 9. 

The Veteran's initial September 2014 SSA mental health examiner opined that was not able to maintain employment due to frequent days of missed work and not being able to perform his duties. This was based on the mental status examination and the Veteran's statements that he was fired from each of his past employers due to missing work and not being able to perform his duties.

During the Veteran's second SSA mental health examination in March 2015, the Veteran stated that he lost his employment due to difficulty passing and remembering job details. The examiner noted that the Veteran has deficits in recent memory and difficulty recalling 2-3 step directions.

In the August 2015 VA psychological evaluation, the Veteran stated he had many issues while employed including not being able to establish good working relationships with co-workers and being fired because he missed too many days due to anxiety. He also claimed that he traveled a lot with work and that he was unable to get adequate sleep which hurt his work performance. He claimed to have a hard time leaving his house to go to work and stopped going to work. Based on the Veteran's statements, and examination of the Veteran, the VA examiner described the Veteran's social and occupational impairment as exhibiting deficiencies in most areas, such as work, relationships, judgment, thinking, and mood

During his September 2017 VA psychological evaluation, the Veteran stated that he continues to self-isolate due to his anxiety issues. Relevant PTSD and depressive symptoms noted included depressed mood, anxiety, suspiciousness, chronic sleep impairment, disturbances of motivation and mood, difficulty in adapting to stressful circumstances including work or a work-like setting, and an inability to establish and maintain effective relationships. This VA examiner stated the Veteran had the same level of occupational impairment as previously given.

The Veteran's statements and testimony during his Board Hearing have been consistent concerning his symptoms and their impact on his ability to maintain substantially gainful employment, as he misses too many days of work and his job performance is inadequate. The Board finds the Veteran to be both competent and credible in these statements as they are consistent with the rest of the evidence of record. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); 38 C.F.R. § 3.159 (a). 

The Board finds that the evidence clearly and consistently records that the Veteran has significant anxiety and isolation symptoms which adversely impact his ability to maintain work relationships, as well as memory and concentration difficulties which make it difficult for him to perform his work duties, and that because of these disabilities, he has been fired due to excessive days off and poor job performance. His mental health examiners, both VA and through SSA, have indicated that his service-connected PTSD symptoms have significantly impacted his cognitive processes and his ability to perform occupational tasks on a consistent basis or at an adequate performance level. Thus, the preponderance of the evidence indicates that he is unable to secure and follow a substantially gainful occupation due to his service-connected PTSD and depressive disorder. 

Entitlement to an award of TDIU is granted.

 

 

R. FEINBERG

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board K. Bannach

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.